**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Randall T Arnett, | No. CV-16-03296-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

At issue is the denial of Plaintiff Randall T. Arnett's Application for Disability Insurance Benefits by the Social Security Administration ("SSA") under the Social Security Act ("the Act"). Plaintiff filed a Complaint (Doc. 1) with this Court seeking judicial review of that denial, and the Court now addresses Plaintiff's Opening Brief (Doc. 16, "Pl.'s Br."), Defendant Social Security Administration Commissioner's Opposition (Doc. 20, "Def.'s Br."), and Plaintiff's Reply (Doc. 24, "Reply"). The Court has reviewed the briefs and Administrative Record (Doc. 12, R.) and now affirms the Administrative Law Judge's decision (R. at 14-29) as upheld by the Appeals Council (R. at 1-3).

**I.    BACKGROUND**

Plaintiff filed his Application on March 4, 2013, for a period of disability beginning September 30, 2011 (R. at 163-64)—apparently later revised to November 1, 2010 (R. at 14, 64)—through his date last insured of September 30, 2014 (R. at 17). Plaintiff's claim was denied initially on July 15, 2013 (R. at 62-77), and on

reconsideration on December 5, 2013 (R. at 78-102). Plaintiff then testified at a hearing held before an Administrative Law Judge ("ALJ") on December 22, 2014. (R. at 35-61.) On February 25, 2015, the ALJ denied Plaintiff's Applications. (R. at 14-29.) On July 30, 2016, the Appeals Council upheld the ALJ's decision. (R. at 1-3.) The present appeal followed.

The Court has reviewed the medical evidence in its entirety, and the pertinent medical evidence will be discussed in addressing the issues raised by the parties. In short, upon considering the medical records and opinions, the ALJ found that Plaintiff has severe impairments of obesity, lumbar degenerative disc disease status post-surgery, fibromyalgia, and atrial fibrillation (R. at 18), but that Plaintiff has the residual functional capacity ("RFC") to perform unskilled or semi-skilled light work with some limitations, such that Plaintiff is not disabled under the Act (R. at 28-29).

## II. LEGAL STANDARD

In determining whether to reverse an ALJ's decision, the district court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The court may set aside the Commissioner's disability determination only if the determination is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is more than a scintilla, but less than a preponderance; it is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* To determine whether substantial evidence supports a decision, the court must consider the record as a whole and may not affirm simply by isolating a "specific quantum of supporting evidence." *Id.* As a general rule, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted).

To determine whether a claimant is disabled for purposes of the Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of

proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ determines whether the claimant is presently engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). If so, the claimant is not disabled and the inquiry ends. *Id.* At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. 20 C.F.R. § 404.1520(a)(4)(ii). If not, the claimant is not disabled and the inquiry ends. *Id.* At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. 20 C.F.R. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* If not, the ALJ proceeds to step four. *Id.* At step four, the ALJ assesses the claimant's RFC and determines whether the claimant is still capable of performing past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If so, the claimant is not disabled and the inquiry ends. *Id.* If not, the ALJ proceeds to the fifth and final step, where he determines whether the claimant can perform any other work in the national economy based on the claimant's RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If so, the claimant is not disabled. *Id.* If not, the claimant is disabled. *Id.*

### III. ANALYSIS

Plaintiff raises two arguments for the Court's consideration: (1) the ALJ erred in weighing a treating physician's opinion; and (2) the ALJ erred in finding Plaintiff's testimony less than fully credible. (Pl.'s Br. at 10-25.)

#### A. The ALJ Provided Sufficient Reasons to Give Little Weight to the Assessment of Plaintiff's Treating Physician and Properly Considered the Record as a Whole

Plaintiff first argues the ALJ committed reversible error by assigning inadequate weight to the assessment of Plaintiff's primary care physician, Dr. Scherer. (Pl.'s Br. at 13-20.) An ALJ "may only reject a treating or examining physician's uncontradicted medical opinion based on 'clear and convincing reasons.'" *Carmickle v. Comm'r of Soc. Sec.*, 533 F.3d 1155, 1164 (9th Cir. 2008) (citing *Lester v. Chater*, 81 F. 3d 821, 830-31

(9th Cir. 1996)). "Where such an opinion is contradicted, however, it may be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." *Id.*

In this instance, the ALJ found that Dr. Scherer's assessment of Plaintiff's functional capacity was based on Plaintiff's subjective complaints of musculoskeletal impairments but is inconsistent with the treatment records. (R. at 24-25.) Specifically, the ALJ noted that Dr. Scherer is not a specialist trained to treat Plaintiff's physical conditions, including degenerative disc disease and fibromyalgia, and the record contains no reliable treatment notes by a specialist during the relevant time period. (R. at 25.) For example, with regard to Plaintiff's reports of fibromyalgia symptoms, the ALJ noted that the objective medical record does not contain support for those reports; to the extent a rheumatologist noted fibromyalgia symptoms, the examination conducted did not meet the American College of Rheumatology test requirements. (R. at 22-23.) The ALJ also noted Dr. Scherer did not document any clinical findings based on objective testing and that he freely refilled Plaintiff's pain medication prescription without a further plan of care. (R. at 25.) Moreover, the ALJ observed that Plaintiff was not compliant with treatment recommendations, including exercise and losing weight. (R. at 24.) On the whole, the ALJ found the limitations identified in Dr. Scherer's opinions diverge "extremely" from the objective medical evidence of Plaintiff's physical conditions. (R. at 25.) The ALJ gave clear and convincing reasons to assign little weight to Dr. Scherer's assessments of Plaintiff, and the Court finds the reasons are supported by the record as a whole. *See, e.g.*, *Kibble v. Comm'r Soc. Sec. Admin.*, 584 F. App'x 717, 719 (9th Cir. 2014); *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008).

The ALJ also gave little weight to Dr. Scherer's assessment of Plaintiff's mental limitations, for similar reasons. (R. at 25.) Again, the ALJ noted that Dr. Scherer is not a specialist trained to treat psychological impairment, and he also noted that Dr. Scherer's treatment notes rarely mentioned any symptoms of psychological impairments—and never at a marked level. (R. at 25.) Furthermore, Dr. Scherer's assessment was

contradicted by that of an examining psychologist, Dr. Peetoom—a specialist—who opined that Plaintiff had no significant issues with understanding, memory, sustained concentration, persistence, social interaction, or adapting to change. (R. at 25.) The Court finds the ALJ gave specific, legitimate reasons to discount Dr. Scherer's opinions of Plaintiff's mental impairment, and the ALJ's decision to assign little weight to Dr. Scherer's assessment and, as applicable, great weight to Dr. Peetoom's assessment is supported by the medical record as a whole. *See Smolen v. Chater*, 80 F.3d 1273, 1285 (9th Cir. 1996) (noting "the opinions of a specialist about medical issues related to his or her area of specialization are given more weight than the opinions of a nonspecialist"). As a result, the Court finds no error on the part of the ALJ in her assessment of the medical record.

### B. The ALJ Properly Weighed Plaintiff's Testimony

Plaintiff also argues that the ALJ erred in her consideration of Plaintiff's symptom testimony. (Pl.'s Br. at 21-25.) While credibility is the province of the ALJ, an adverse credibility determination requires the ALJ to provide "specific, clear and convincing reasons for rejecting the claimant's testimony regarding the severity of the claimant's symptoms." *Treichler v. Comm'r of Soc. Sec.*, 775 F.3d 1090, 1102 (9th Cir. 2014) (citing *Smolen*, 80 F.3d at 1281). "In evaluating the credibility of pain testimony after a claimant produces objective medical evidence of an underlying impairment, an ALJ may not reject a claimant's subjective complaints based solely on a lack of medical evidence to fully corroborate the alleged severity of pain." *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005). This is because "pain testimony may establish greater limitations than can medical evidence alone." *Id.* The ALJ may properly consider that the medical record does not contain evidence to support certain symptom testimony, but that cannot form the sole basis for discounting the testimony. *Id.* at 681. The ALJ may also properly consider inconsistencies in the claimant's testimony, including inconsistencies between the claimant's testimony of daily activities and symptom testimony. *Id.*

The ALJ discounted certain subjective symptom testimony for some of the reasons mentioned above—inconsistency with the objective treatment records and a lack of any reliable treatment records by any specialist. As the Court noted above, the Court cannot find that the ALJ erred in weighing the record of Plaintiff's treatment by his primary care physician, Dr. Scherer, and the ALJ identified specific inconsistencies between Plaintiff's treatment—and lack thereof—and his symptom testimony. For example, the ALJ cited numerous specific portions of the medical record that show that the degenerative changes to Plaintiff's spine are mild and limited. (R. at 22.) The ALJ also noted that Plaintiff never received treatment consistent with his reports of fibromyalgia or psychological impairment symptoms. (R. at 22-23.) By identifying these inconsistencies as a factor in her credibility determination, the ALJ provided a clear and convincing reason to discount certain symptom testimony. *See Burch*, 400 F.3d at 680.

Likewise, the ALJ's consideration of Plaintiff's testimony regarding substantial travel—to California and Maine—against his symptom testimony was not improper, and the fact that Plaintiff could sit for extended periods and walk as required on these trips is inconsistent with his symptom testimony. *See Tommasetti*, 553 F.3d at 1039. The ALJ also specifically noted that Plaintiff failed to report his trip to Maine, which undermined Plaintiff's credibility. (R. at 24.) Moreover, Plaintiff's testimony that he is "bedridden due to pain" is inconsistent with the fact that he drives, shops, and goes to the movies, among other activities. (R. at 22.) These inconsistencies are also specific, clear and convincing reasons for the ALJ to discount Plaintiff's symptom testimony.

Although the ALJ cited other reasons to discount Plaintiff's symptom testimony, the reasons discussed above are sufficient for the Court to conclude that the ALJ did not err in weighing Plaintiff's testimony. *See Turner v. Comm'r, Soc. Sec. Admin.*, 613 F.3d 1217, 1224-25 (9th Cir. 2010); *Burch*, 400 F.3d at 680-81.

## IV. CONCLUSION

Plaintiff raises no error on the part of the ALJ, and the SSA's decision denying Plaintiff's Application for Disability Insurance Benefits under the Act was supported by substantial evidence in the record.

IT IS THEREFORE ORDERED affirming the February 25, 2015 decision of the Administrative Law Judge, (R. at 14-29), as upheld by the Appeals Council on July 30, 2016, (R. at 1-3).

IT IS FURTHER ORDERED directing the Clerk to enter final judgment consistent with this Order and close this case.

Dated this 3rd day of May, 2018.

Honorable John J. Tuchi
United States District Judge